# COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN


MAY 18 2022

(Full name of plaintiff(s))

Floyd L. Semons

v.

(Full name of defendant(s))

J. Taulbut

R. Frye

Kayla Maintence staff

Three Defendants Listed above.

Case Number:

**22-C-0594**

(to be supplied by Clerk of Court)

## A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__, and is located at
   (State)

   __Green Bay Corr inst P.O. Box 19033__
   (Address of prison or jail)

   (If more than one plaintiff is filing, use another piece of paper.)

2. Defendant __Taulbul, Frye, Kayla__
                                            (Name)
   is (if a person or private corporation) a citizen of __Wisconsin__

Complaint – 1

and (if a person) resides at __Dodge Correction institution__ (State, if known)

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for __The Department of Correction at Dodge__

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

    The Three defendant listed all employee and supervisor at Dodge Correctional institution P.O. Box 700 Waupun, WI 53963-0700 all violated my Eighth Amendment Constitution rights Deliberate indifference claim, Condition of confinement claim, Liability Supervisor claim

    The provided Paper wasn't a enough to file my claim so I Attached Paper, to Respo respectfully file my claim as Followings;

Complaint – 2

Attached Statement of Claim B

Defendant
C.O J. Taulbut Dodge Corr Inst. March 28, 2022.
Correctional officer J. Taulbut violated Plaintiff
Eighth Amendment constitution claims
Condition of Confinement claim Narrowing Exhibit 007
Classification staff J. Manix refering Security as J. Taulbut
Had Control over His Unit 10 To Move a inmate From a cell
Follow by Exhibit 005 Sworn Affidaive by inmate
A. Lacas indicated Defendant J. Taulbut
Place a report and order A. Lacas to Move out
of cell 8 on March, 22, 2022
For conditions of this wall damage Plaster Falling on to the
Sleeping area of the Top Bunk were A. Lacas were House at.
The Next day Defendant J. Taulbut House Plaintiff
in that same cell 8 Top Bunk in when Plaintiff ask to be
moved after witnessing the damage in Dirty cell. Defendant
responded with so cleaning supplies on March, 28, 2022
in indicated is already a work order Place to Fix wall.
Two days later Plaintiff was injury by the Plaster flaking
falling off the wall into Plaintiff face interacted with His
Left Eye which Defendant J. Taulbut call a Medical
Emergency in Let Plaintiff use the shower to
Try to get the Plaster in dust out Plaintiff Left Eye
which Helped. Plaintiff received medical treatment in wasnt
charge a medical CO-Pay $7.50 Following the DAI Policy
Defendant J. Taulbut informed Medical Service it wasn't
Plaintiff fault Maintenance need the Job on then walls.

2page

as He indicate Maintence Place Paint over wet Plaster as didn't Let it dry which Cause the damage to the Cell 8 Walls. Medical Doctor order Plaintiff Eye Drops. To Help Clean the Eye out From Dust interaction Plaintiff ask to be move again after returning to unit 10 Defendant J. Taulbut Just Told Plaintiff Maintence Shall Come Fix the wall Soon I Just Call them again today, March 30, 22

This Action by Defendant J. Taulbut violate a Condition of Confinement Claim Attached Exhibit 024 Defendant "Train" To Know of U.S. Const. & G.H. By and Through Henry v. Marstiller, 424, F. Supp. 3d. 1109 (N.D. Fla. 2019) That To Support an Eighth amendment Challenge to Condition of Confinement The Condition of Prisoner must Show that a Condition of Confinement poses an unreasonable risk of Serious damage Admitted By Secretary decision Exhibit 020 Affirmed inmate Complaint Plaster Flaking From the Walls is a serious damages danger to Plaintiff Future Health or Safety. This Action in response By Defendant J. Taulbut Knowledgely violate Case Henry v. Marstiller.

Follow by Violated The Eighth Amendment Deliberate indifference Claim element (1) knowledge of the risk of Harm Defendant J. Taulbut Just move another inmate March 27, 2022 Exhibit 005 Also indicate the awareness of the damage to the walls in Cell 8 in Place Plaintiff and cell 8 and (2) element disregarded to Move Plaintiff From the risk respond by the Cleaning Supplies informed Plaintiff

3 page

Maintence will be there to Fix the walls soon. Witness by J.Lawe Plaintiff Cellmate Exhibit 001 Sworn Affidavit. There Fore Plaintiff wanna Proceed with Two Claim against Defendant J.Taulbut under the Eighth amendment Condition of Confinement Claim with Deliberate indifference claim Plaintiff was injury twice in the same Cell 8 once at 9:15 Am in Once at 11:30 pm march, 30, 2022 were RN T. Schulke Found Plaster inside Plaintiff Left Eye ball in remove it in wash Flushed Plaintiff Eye out On march, 31, 2022 Plaintiff were Seen By a Eye Doctor D. Schneider who Spoke with RN T. Schulke who informed Her she remove Plaster Flake From Plaintiff Eye and medical optical Diagnosis Plaintiff with indicated in Exhibit 010 Eye Doctor D. Schneider Note. Along with Diagnosis Plaintiff With Corneal abrasion Left eye and Exhibit 011 and Diagnosis Macula Scar of Posterior pole of Left eye Cause By Plaster interaction with Eye Document Exhibit 012 Along with medical Treatment Tobramycin Ophthalmic drops. For "Eye infection" For 5 days treatment was provided march, 31, 2022 in was discharge April, 4, 2022 Exhibit 013 along with NP Jodi medical provider order Tylenol For 14 day Diagnosis Plaintiff Irritation of Left eye march, 31, 2022 as well Exhibit 014 medical document Support Plaintiff Suffer injuries to Defendant J. Taulbut Action

Attached statement of claim B

Page 1 of 2

~~Kayla~~ Defendant Kayla is a Maintence Coordinater Staff member who receive a work order April, 1, 2022 By Maintence Supervisor R. Frye who inspected a Plaintiff cell 8 on unit 10 April, 1, 2022. Defendant Kayla Job is to Fix the cell By Construction work Kayla didnt come Fix the cell until April, 13, 2022 which she informed the Sgt. Karpinsky who replace C.O Taulbut that date, For unit 10 to move Both inmate out Cell 8 April 13, 2022 So she could Fix the cell walls in window due to the Cold Breeze Causing a low temperate Cause the window wasnt ~~os~~ stoping any Air. Witness by inmate D. Allen-Hobbs Exhibit 004 Defendant Kayla informed Him The Last Maintence staff Place Paint over wet Pluster in cell 8 were Plaintiff was House to Live at. ~~informed him he was going in cell 8 But cell 18~~ He also witness the cell damage to the walls in Kayla construction Job Started 4-13-2022 in finish Appropriate 4-14-2022 due to she Let the Pluster dry. Before Placing Paint the next day. Sworn Affidaiut. Defendant Kayla violate Plaintiff Eighth Amendment Deliberate indifference Claim when she receive a enlighten to Fix cell 8 April, 1, 2022 But didnt Fix it until April, 13, 2022 Leaving Plaintiff in a danger environment For 12 days with knowledge of inspection 4-1-22 ~~also Procee as th Condition of Confine~~ in didnt respond until 12 days ~~later~~ See rear side Page 2

Kayla Maintence Staff Have a duty to Keep the institution Construction work in a safe condition also responsible For receiving weekly inspection DOC work Sheets Exhibit 026 indicate it shall be a work sheet send to the Coordinater weekly By each staff House unit which Defendant J. Taulbut fail to enter weekly For months which violate the DAI Policy 900.103.05 Attached To Exhibit 026. Nor did Maintence staff report They wasn't receiving these inspection until Plaintiff wrote the Depute Warden Defendant J. Taulbut Blame Maintence Staff Kayla. Maintence staff Kayla Blame Security unit of Correction offices. This misconduct Could Have Help Stop issue Like this one. Both staff fail to report nor due they Job. Plaintiff wanna proceed with one Claim against this Defendant under the Eighth amendment Deliberate indifference Plaster was falling on Plaintiff feet after He was told By Lt. Umentum to sleep another way after being injury twice in the same cell. Also the cold Breeze inside the cell due to the window wasn't Fix, Exhibit 018 violated DOC Wisconsin Adm Code 349.07 Exhibit 025 in violate DOC inmate right of condition of confinement Exhibit 023 That state the failure to provide Adequate Sanitation, a dangerously Low cell temperature violate A inmate Eighth amendment rights. Attached To Claim.

Attached Statement of Claim B

Defendant R. Frye is the "Maintence Supervisor" R. Frye is the Person who receive the work orders. R. Frye is the Person who inspected Cell 8 April, 1, 22 and refer the Job to Maintence Staff Kayla. to Fix the Construction work Need done on window and walls in Cell 8.

Plaintiff wanna Proceed with Liability Supervisor claim as Vicarious liability claim against against Defendant R. Frye Control over employee Defendant Kayla R. Frye impute to the employee Kayla Certain Circumstances. Defendant R. Frye witness the work order Place By J. Taulbut in Feb, 2022 indicate Loose debris of causing Pluster Flaking to fall into the Living area of cell 8 Exhibit 020 and The window deprivation a warm cell. Exhibit 019 Defendant R. Frye responded Lying indicated a work order was Place March, 31, 2022 in Fix April, 14, 2022. Future investigate shall Exhibit 020 there was already a workorder Place By Defendant J. Taulbut in Feb, 2022. in repeatedly Also witness A. Lucas Exhibit 006 DOC 761 inmate request to maintence of same issue in cell 8 when He was House there. Maintence responded March, 25, 2022 Showing awareness of issue. But disregarded. This Action show Supervisor Lack work to be done. Defendant R. Frye ... rear side

The danger April, 1, 2022 when He inspected the cell. also another work order By Defendant J. Taulbut informing Maintence Supervisor Plaintiff was injury Plaster Flaking From cell walls Cause somebody as Him or His employee Place Paint on wet Plaster. On march 31, 2022 That was another incident report in work order to Defendant R. Frye.

R. Frye Had control after witnessing the cell condition of confinement to order Security to Move Plaintiff until the walls were Fix. And Acknowledge the cold Breeze From the Front cell door of cell 8. There For Plaintiff Wanna Proceed with the Three Claim against Defendant R. Frye   Liability Supervisor claim over defendant Kayla Deliberate indifference Claim For receiving a work order in Feb, 2022 in not inspected it until April, 1, 22 and not ordering a Move after witnessing the condition of damage in danger. 4-1-22 responded Just By referring issue to His employee Kayla. And Condition of Confinement Claim due to Low temperature of cold cell, unreasonable risk to Plaintiff Health and safety Exhibit 023 indicate Failure to provide Adequate Sanitation, a dangerously Low temperature due violate Plaintiff Eighth Amendment as Defendant Admitted Exhibit 019 as R. Frye Admitted Failure But indicated work order was done 4-14-22 which Suppose

See Attached this wasn't enough

C.  JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

(1) Order the Dodge Correctional staff to follow DAI Policy 900.103.05 Page 5 of 5 to weekly submitted inspection sheets on unit cells. (2) Compensatory and Punitive damages Plaintiff suffer pain in receive medical treatment for left Eye Exhibits supporting 5 days of Eye infection in 7 days of pain, still vision Blurry for Life. Diagnosis support claim Plaintiff requirement $75,000 damage's (3) institution conditions (4) Legal fee's in court fee's. For this action only.

E.  JURY DEMAND

I want a jury to hear my case.

☑ – YES    ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ~~Merry~~ 15th day of May 20 22.

May, 15, 2022 Clarify

Respectfully Submitted,

_____
Signature of Plaintiff

#581602
Plaintiff's Prisoner ID Number

Green Bay Corr Inst P.O. Box 19033
Green Bay, WI ; 54307-19033
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE

☑ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.