# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

v.                                                   Case No. 22-CV-594

**JAMES TAULBUT,**

    Defendant.

## ORDER

Between February 10, 2023, and April 25, 2023, plaintiff Floyd L. Semons, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed several motions—two motions for leave to amend his complaint (ECF Nos. 38, 46); a motion to disregard his first motion to amend the complaint (ECF No. 40); two motions to compel discovery (ECF Nos. 39, 44); a motion for attorney's fees (ECF No. 59); a motion for mediation (ECF No. 61); and a motion to strike the defendant's motion for summary judgment (ECF No. 72). Additionally, defendant James Taulbut filed a motion for permission to file a combined brief in support of his motion for summary judgment and in response to Semons's motion for summary judgment. (ECF No. 55.) This order resolves these motions.

# MOTIONS TO AMEND THE COMPLAINT (ECF NOS. 38 and 46)

In his first motion to amend the complaint Semons seeks to add Lt. Hoffman as a defendant under the theory of supervisor liability. (ECF No. 38.) However, a few days after filing this motion, Semons filed a motion to disregard his motion for leave to amend the complaint to add Hoffman as a defendant. (ECF No. 40.) As such, the court denies Semons' first motion to amend his complaint and grants his motion to disregard his motion to amend his complaint to add Hoffman.

In his second motion to amend the complaint Semons seeks to add R. Frye under the theory of supervisor liability because Frye did not authorize a work order to fix the plaster in Semons's cell. (ECF No. 46-1 at 3.) Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

The court originally dismissed Frye at screening because the allegations demonstrated that he was not aware of the cell condition or Taulbut's actions until after Semons's injury at the end of March 2022. (ECF No. 13, at 5-6.) Semons now asserts that Frye lied and should have approved a work order in December 2021 to place a hold on the cell with the crumbling plaster. However, these allegations are

2

not enough to show that Frye was aware of Taulbut's actions in *March 2022* that lead to Semons's injury. The allegations only show that Frye was aware of the plaster in the cell in January 2022. Supervisors can be held liable for their employee's alleged constitutional violations only where the supervisor knew about the conduct and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Nothing in Semons's proposed amended complaint suggests that Frye knew that Taulbut was keeping Semons in a cell after plaster fell on him. As such, allowing him to amend his complaint to add Frye would be futile. Therefore, Semons's second motion to amend the complaint is denied.

## MOTIONS TO COMPEL (ECF NOS. 39, 44, 59)

Semons's motions to compel center around similar discovery requests that he contends Taulbut did not respond to. The second motion (ECF No. 44) includes the same requests as the first motion (ECF No. 39) but adds additional requests. Thus, the court will consider them together.

Semons seeks the following documents from Taulbut:

> 1. Defendant Taulbut's December 20, 2021, work order to fix crumbling plaster in cell 8, the cell he was later housed in.
>
> 2. Medical health documentation from 3/15/22 through 1/20/23.
>
> 3. Medical health documentation from related to a 3/31/22 appointment.
>
> 4. Plaintiff's "logs of assignment inmate placement" of March 28, 2022.
>
> 5. Log of Mr. Lacas, an inmate who was moved out of cell 8 on March 26, 2022, along with reason for movement.

3

> 6. Documentation of ICE-DCI-2022-5386 which reflects the basis for the affirmance of his complaint.
>
> 7. Log documentation of inmates who were housed in cell 8 prior to the plaintiff.
>
> 8. "39 pages attachment to complaint against defendant"
>
> 9. Documentation of inmate injury in cell 8 on unit 10 on 12/20/21 and request for approval of movement placement as well.

(ECF No. 57 at 2.)

Taulbut notes that, for both motions, Semons failed to meet and confer with him in an attempt to resolve the discovery dispute without court involvement as required by Federal Rule Civil Procedure 37(a). He states that Semons's initial discovery requests were vague and oddly worded. Therefore, a meet and confer likely would have negated the need for a motion to compel because Semons would have been able to clarify his requests.

Regardless, Taulbut has stated that he has fully responded to all of Semons's discovery requests except for requests for documents that Semons made for the first time in his motions to compel (request #4, #9) or requests for Semons's own documents that he filed in this case (request #8). If Taulbut did not produce documents to Semons's other document requests, it was either because he did not have any responsive documents or the documents involve other prisoners and are confidential.

Because Semons did not meet and confer, and because Taulbut appropriately responded to the discovery requests, the court denies Semons's motions to compel.

4

Because the court finds that the motions to compel were unnecessary, it also denies Semons's motion for attorney's fees related to his motions to compel. (ECF No. 59.)

**REMAINING MOTIONS (ECF NOS. 55, 61, and 72.)**

Regarding Semons's motion for mediation, he should reach out to Taulbut's attorney and gauge the defendant's interest in mediation. If Taulbut is interested in mediating this dispute, the parties can file a joint request for mediation and the court will refer the case to another magistrate judge for mediation. The court will not order the defendant to mediate if he is not interested in mediation. As such, Semons's motion for mediation is denied.

Taulbut filed a motion to file a combined brief in support of his motion for summary judgment and in response to Semons's motion for summary judgment by April 26, 2023. (ECF No. 55). Noting that Taulbut has already filed a combined brief, the court will grant his motion.

Semons filed a "motion to strike the defendant's notice and order" (ECF No. 72), asking the court to strike any motion for summary judgment filed by Taulbut because he did not provide Semons with a copy of the summary judgment motion filed with the notice and order. First, the court, not Taulbut, issued the notice and order—which put Semons's on notice that he must file a response to Taulbut's motion for summary judgment by May 17, 2023. Second, Taulbut already filed his motion for summary judgment, so Semons should receive a copy in the mail shortly. Thus, the court will deny Semons's motion to strike.

**IT IS THEREFORE ORDERED** that Semons's motions to amend the complaint (ECF Nos. 38, 46) are **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion to disregard his motion to amend the complaint (ECF No. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Semons's motions to compel (ECF Nos. 39, 44) are **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion for attorney's fees (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion for mediation (ECF No. 61) is **DENIED.**

**IT IS FURTHER ORDERED** that Taulbut's motion to file a combined brief (ECF No. 55) is **GRANTED.**

**IT IS FURTHER ORDERED** that Semons's motion to strike (ECF No. 72) is **DENIED.**

Dated in Milwaukee, Wisconsin this 27th day of April, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge