UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

v.                                                 Case No. 22-CV-594

**JAMES TAULBUT,**

    Defendant.

**ORDER**

On June 19, 2023, *pro se* plaintiff Floyd L. Semons filed a motion to appoint counsel. (ECF No. 93.) On June 22, 2023, Semons filed a motion requesting the court reconsider its June 13, 2023, order. (ECF No. 94.) This order resolves those motions.

**MOTION TO APPOINT COUNSEL (ECF NO. 93)**

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Semons includes proof that he contacted attorneys on his own, satisfying the first prong. (ECF No. 93-1.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and

2

motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Semons mainly requests a lawyer because the court keeps denying his motions. That is not a basis to recruit counsel. Additionally, Semons has already filed a motion for judgment on the pleadings, and the defendant has filed a motion for summary judgment on the merits. These motions are fully briefed and awaiting the court's decision. At this stage, there is not much a lawyer could do to assist Semons. As such, the court denies his motion. If Semons's case survives summary judgment, the court will reconsider his request for an attorney.

## MOTION FOR RECONSIDERATION (ECF NO. 94)

Semons asks the court to reconsider its order denying his motion accusing the defendant of perjury and his motion to compel. Regarding the motion accusing the defendant of perjury, Semons asserts that the court did not wait for the defendant to respond before deciding the motion and that the court ignored evidence of the defendant's perjury that Semons submitted. First, Semons filed the motion for perjury on May 3, 2023, meaning that, under the local rules, the defendant had 21 days in which to respond. Civ. L. R. 7(b). When the defendant did not file a response

3

within the deadline, the court ruled on the motion. In ruling on the motion, the court found that Semons did not submit evidence of *perjury*, not that he did not submit evidence. In other words, the court reviewed Semons's evidence and determined that it was not evidence of the defendant's perjury. Semons is merely taking issue with the way the court evaluated the evidence, which is not a basis for granting a motion to reconsider. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

As for Semons's motion to compel, the defendant asserted that he had provided all responsive material in his possession, which is why the court denied the motion to compel. Semons argues that he requested material he knows to be in existence but does not explain how he knows that the defendant possesses these materials yet did not produce them. Regardless, the court had an independent basis for denying Semons's motion to compel because he did not confer with the defendant prior to filing his motion to compel as required by Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37. In his motion for reconsideration, he still has not made a showing that he made reasonable efforts to settle his discovery dispute with the defendant before seeking court involvement. His motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Semons's motion for counsel (ECF No. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion for reconsideration (ECF No. 94) is **DENIED**.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge