UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

v.                                         Case No. 22-CV-594

**JAMES TAULBUT,**

    Defendant.

**ORDER**

Between July 5, 2023, and August 15, 2023, plaintiff Floyd L. Semons, who is confined at Green Bay Correctional Institution and representing himself, filed several motions—a motion to dismiss the pending summary judgment motions (ECF No. 98), a second motion for perjury (ECF No. 100), and three motions for sanctions (ECF Nos. 104, 107, 109). This order resolves those motions.

Regarding the motion to dismiss the pending summary judgment motions, the motions are fully briefed and awaiting a court decision. This motion is unnecessary, and the court will deny it.

Regarding Semons's motion for perjury, he asserts that Taulbut lied in his summary judgment materials—specifically, by misrepresenting facts contrary to what he responded to in requests for admissions and possibly destroying a relevant work order. However, Semons offers no credible evidence that Taulbut lied. The court

has reviewed Taulbut's materials and finds no basis for Semons's motion. His motion is denied.

Turning to the three motions for sanctions, in all three motions Semons asserts that Taulbut contradicts himself because he said one thing in his response to Semons's requests for admission and another in his summary judgment materials. Semons demands the court impose sanctions and dismiss his summary judgment motion. A district court may impose sanctions under its inherent authority "where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012)). In imposing sanctions, "[t]he court must first make a finding of 'bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.*

There is no evidence that Taulbut acted in bad faith or otherwise willfully engaged in activity designed to obstruct the judicial process. At best, the apparent contradictions Semons highlights are evidence that questions of material fact exist that may preclude summary judgment. The court will determine whether these questions of fact are material when it resolves the outstanding motions for summary judgment, which are fully briefed. Semons's motions for sanctions are denied.

**IT IS THEREFORE ORDERED** that Semons's motion to dismiss the pending summary judgment motions (ECF No. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that Semons's second motion for perjury (ECF No. 100) is **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motions for sanctions (ECF Nos. 104, 107, 109) are **DENIED**.

Dated in Milwaukee, Wisconsin this 5th day of September, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge