# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

    v.                                                                    **Case No. 22-CV-594**

**JAMES TAULBUT,**

    Defendant.

## ORDER

On September 11, 2023, the court granted defendant James Taulbut's motion for summary judgment and denied *pro se* plaintiff Floyd L. Semons's motion for summary judgment and dismissed the case. (ECF NO. 114.) On December 7, 2023, Semons filed a motion to proceed without prepaying the appellate fee even though he did not provide a trust account statement. (ECF No. 136.) On December 22, 2023, the court denied Semons's motion to proceed without prepayment of the appellate fee without providing a trust account statement and gave him until January 12, 2024, to provide a certified copy of this trust account statement. (ECF No. 140.) The court warned Semons that failure to provide a trust account statement would result in the court denying his motion to proceed without prepayment of the filing fee.

On January 11, 2024, instead of providing a trust account statement, Semons again moved for leave to proceed without prepayment of the appellate fee without

providing a trust account statement. (ECF No. 142.) On March 5, 2024, the court denied that motion and denied Semons's motion for leave to proceed without prepayment of the appellate filing fee. (ECF No. 145.)

On May 2, 2024, the Seventh Circuit Court of Appeals dismissed the case for failure to pay the appellate filing fee. (ECF No. 146.) That same day, in conjunction with the dismissal, the clerk of court for this court sent an appellate fee collection letter indicating that payments will be collected from Semons's trust account "in an amount equal to 20% of the preceding month's income credited to the prisoner's account." (ECF No. 147.)

On July 3, 2024, the Seventh Circuit vacated the dismissal of Semons's appeal because Semons filed a motion to proceed without prepayment of the filing fee in the Seventh Circuit, which the Seventh Circuit construed "as an implied request to recall the mandate." (ECF No. 148.) On October 11, 2024, the Seventh Circuit gave Semons until October 28, 2024, to pay the appellate filing fees or else they would dismiss the case. (ECF No. 150.)

On October 31, 2024, Semons filed a motion requesting that this court stop collecting the appellate filing fee pursuant to the clerk of court's May 2, 2024, letter because the dismissal was vacated. (ECF No. 151.) Semons states that the Pro Se Cover Letter regarding his Notice of Appeal, sent on September 29, 2023, "indicated if Mr. Semons didn't provide his six-month account he wouldn't get charged any filing fee for appeal." (*Id.* at 1.) The September 29 letter does not state that Semons would

not get charged the filing fee. (ECF No. 120.) Instead, it simply instructs him to submit his trust account statement within 21 days of the date of the letter. (*Id.*)

The Seventh Circuit has ordered that Semons pay the filing fee, so this court has no jurisdiction to vacate collection of the fee. This court merely serves in an administrative role in collecting the fee. Semons needs to file a motion with the Seventh Circuit to have his fee collection vacated. The court notes that, even though the dismissal was vacated, that does not relieve Semons of the obligation to pay the appellate filing fee.

**IT IS THEREFORE ORDERED** that Semons's motion to vacate the collection of appellate filing fee (ECF No. 151) is **DENIED**.

Dated in Milwaukee, Wisconsin this 19th day of November, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge